UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                    Plaintiff,

          -against-

DR. ROBERT V. BETIVEGNA, *et al.*,

                    Defendants.

20-CV-0253 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.

By order dated February 5, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court

dismisses the complaint, and grants Plaintiff 30 days' leave to replead his claims.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's claims appear to have arisen from events that occurred while he was incarcerated in Green Haven Correctional Facility. Plaintiff alleges that "Ensure-Supplement nutrition drink" ("Ensure") was prescribed to him as treatment for his "medical conditition, mental health condition, hunger strike signs and symptoms, *i.e.*, severe loss of weight, malnutrition, loss of energy, fatigue, nausea, loss of appetite, depression, low self-esteem,

anxiety, post traumatic stress disorder (PTSD), and paranoia [sic] personality disorder." (ECF No. 2, at 3.) Dr. Betivegna, Health Service Director at Green Haven, discontinued Plaintiff's prescription for Ensure. Plaintiff alleges that other prisoners with the same "diagnosis, signs and symptoms" were prescribed Ensure by their doctors. (*Id.*) Plaintiff asserts that because other prisoners were prescribed Ensure and he was not, Dr. Betivegna acted with "deliberate indifference" to Plaintiff's medical needs, "discriminat[ed]" against Plaintiff, treated Plaintiff "unfairly and differently," and "neglect[ed]" Plaintiff's treatment plan without justification. (*Id.* at 3.)

Plaintiff sues Dr. Betivegna in his individual and official capacities, as well as the New York State Department of Corrections and Community Supervision (DOCCS). He seeks declaratory relief, unspecified injunctive relief, and money damages.

## DISCUSSION

### A.     Claims against DOCCS

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citations omitted).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v.*

*Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). DOCCS is an arm of the State of New York and therefore enjoys Eleventh Amendment immunity from suit under § 1983. *See, e.g., Madison v. New York State Dep't of Corrs.*, ECF 1:19-CV-3401, 2019 WL 4933594, at *1-2 (S.D.N.Y. Oct. 4, 2019). The Court therefore dismisses Plaintiff's § 1983 claims against DOCCS under the doctrine of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Eighth Amendment Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a § 1983 claim for inadequate medical care under the Eighth Amendment, a plaintiff must allege facts showing that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009). Deliberate indifference claims include an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Prisoners alleging deliberate indifference to their medical needs must satisfy both components to state a claim under the Eighth Amendment.

The objective component requires that a prisoner "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need

must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted)).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, the prisoner must state facts showing that the medical professional possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the subjective component requires that the plaintiff show that a medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the officer drew the inference).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. Thus, a "mere disagreement over the proper treatment" is not actionable. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" to satisfy the subjective component of the deliberate indifference standard).

Plaintiff's allegation that Dr. Betivegna discontinued his prescription for Ensure while other prisoners with similar symptoms were prescribed Ensure does not suggest that Plaintiff suffered an objectively serious medical need or that Dr. Betivegna ignored a substantial risk of harm to Plaintiff. Rather, the complaint suggests that Plaintiff and Dr. Betivegna disagreed as to the proper treatment for Plaintiff's condition. Moreover, the facts alleged do not suggest that

discontinuing the prescription for Ensure is a "condition of urgency . . . that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86. The Court therefore dismisses Plaintiff's deliberate indifference claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.      Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## D.      Leave to Replead

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an abundance of caution, the Court grants Plaintiff leave to replead his claims.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's § 1983 claims under the doctrine of Eleventh Amendment immunity and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0253 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to file an amended complaint, the Court will enter judgment in this case and it will be closed.

The Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 21, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ Yes    ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your
        identification number and the name and address of your current place of confinement. Do the same
        for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff       Name _____
                Street Address _____
                County, City _____
                State & Zip Code _____
                Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual. Include the address
        where each defendant may be served. Make sure that the defendant(s) listed below are identical to those
        contained in the above caption. Attach additional sheets of paper as necessary.

| Defendant No. 1 | Name _____ |
| | Street Address _____ |
| | County, City _____ |
| | State & Zip Code _____ |
| | Telephone Number _____ |

| Defendant No. 2 | Name _____ |
| | Street Address _____ |
| | County, City _____ |
| | State & Zip Code _____ |
| | Telephone Number _____ |

| Defendant No. 3 | Name _____ |
| | Street Address _____ |
| | County, City _____ |
| | State & Zip Code _____ |
| | Telephone Number _____ |

| Defendant No. 4 | Name _____ |
| | Street Address _____ |
| | County, City _____ |
| | State & Zip Code _____ |
| | Telephone Number _____ |

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____
_____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts:  _____
_____

> **What happened to you?**

_____
_____
_____

> **Who did what?**

_____
_____
_____

> **Was anyone else involved?**

_____
_____

> **Who else saw what happened?**

_____
_____
_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____

## V.    Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

|  |  |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
|  | _____ |
|  | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

|  |  |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |